IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MERRY MAIDS, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 8:06CV36 |
| WWJD ENTERPRISES, INC. d/b/a | ) | |
| Merry Maids Franchise #126, MAIDS | ) | ORDER |
| AND MORE, INC., JAMES M. LOVELY | ) | |
| and STEPHANIE LOVELY, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on the defendants' MOTIONS TO ALTER OR AMEND JUDGMENT (Filings 66 & 68). The motions have been fully briefed. The defendants' requests for oral argument are denied.

    Following an approximately 8½ hour evidentiary hearing the court filed a Memorandum and Order on June 20, 2006 (Filing 63) granting Merry Maids' Motion for Preliminary Injunction and immediately restraining all defendants from violating the provisions of the non-compete agreement contained in the Franchise Agreement executed by James Lovely on June 24, 1998. The preliminary injunction will expire on June 21, 2007 without further order of the court unless it is terminated earlier and required the plaintiff to give security, within the meaning of Fed. R. Civ. P. 65(c) in the sum of $500.00.

    WWJD and James Lovely contend that the maximum amount of time they can be enjoined is a one-year period from January 15, 2006 to January 15, 2007 based on the finding that James Lovely has had no involvement with Maids & More since January 15, 2006. These defendants further contend that the $500 bond is inadequate. Maids and More, Inc. and Stephanie Lovely also contend the $500 bond is inadequate.

    Since final judgment has not yet been entered in this case, the court elects to treat defendants' motions as requests for reconsideration, which are permitted under Fed. R.

Civ. P. 54(b).[1]

The Supreme Court has instructed that "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Thus, under Rule 54(b), the court

> may permit revision "as justice requires." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004). While the phrase, "as justice requires," is somewhat abstract, it is a shorthand for more concrete considerations. *Id*. Justice may require revision when the Court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Cobell*, 224 F.R.D. at 272 (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotes omitted)). Errors of apprehension may include a Court's failure to consider "controlling decisions or data that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).
>
> "The district court's discretion to reconsider a non-final ruling is, however, limited by the law of the case doctrine and 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *In re Ski Train Fire in Kaprun, Austria, on November 11, 2004*, 224 F.R.D. 543, 546 (S.D.N.Y. 2004) (quoting *Official Comm. of the Unsecured Creditors*

---

[1] Rule 54(b) governs the reconsideration of orders that do not constitute final judgments in a case. The rule provides, in relevant part:

> [A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

> *of Color Tile, Inc. v. Coopers & Lybrand*, 322 F.3d 147, 167 (2d Cir. 2003)).
> The sure and speedy administration of justice requires no less.

*Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101-102 (D.D.C. 2005); *see also Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, --- F. Supp. 2d ----, Case No. C 05-3079, 2006 WL 1689319 at *5 (N.D. Iowa, June 21, 2006).

The District of Nebraska has adopted following standard of review governing motions for reconsideration:

> **60.1   Motions for Reconsideration.**
>
> * * * *
>
> **(c)   Standard of Review.** Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of (1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence.

NECivR 60.1(c). The defendants' motions do not rely on the assertion of "new facts or legal authority."

I am not persuaded that the June 20, 2006 order exhibits any "manifest error." While the order does contain the finding that "James Lovely has had no involvement with Maids & More since January 15, 2006," the motion for preliminary injunction was granted based on his acting in concert with his wife to avoid the consequences of the non-compete agreement signed by him:

> [T]he business property has remained within the Lovely family, presumably to the benefit of all the defendants. The evidence, considered as a whole, and based on the credibility of the various witnesses, strongly suggests that James Lovely intended to and has "parked" his cleaning business with his wife, so he can return and run it himself after the one-year contractual period expires.

Memorandum & Order [63] at p. 22. The entry of a preliminary injunction is an equitable matter, and courts exercising equity jurisdiction have discretion in fashioning injunctive relief. *See United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 495 (2001). Thus, "[t]he scope of review of a grant of preliminary injunction on appeal is narrow," and the decision to enter a preliminary injunction cannot be reversed "absent a clearly

erroneous factual determination, an error of law, or an abuse of discretion." *See, e.g., Taylor Corp. v. Four Seasons Greetings, LLC*, 315 F.3d 1039, 1041 (8th Cir. 2003).

Maids & More was established, ostensibly by Stephanie Lovely, with financial backing and other substantial assistance from James Lovely, who continued to benefit from the arrangement even after January 15, 2006.  Under the circumstances, the court believes it is equitable to enjoin James Lovely and WWJD to afford Merry Maids a full year of non-competition, *see, e.g., Servicemaster v. Proctor*, No. 4:01CV3089, Slip op. (D. Neb. Jan. 3, 2002), and the court declines to reconsider that decision.

Turning to the adequacy of the $500.00 security bond, under Rule 65(c), "security is mandatory, *see American Hospital Supply v. Hospital Products Ltd.*, 780 F.2d 589, 597 (7th Cir.1986), but the court may exercise its discretion in determining the amount of the bond to be posted.  *Rathmann Group v. Tanenbaum*, 889 F.2d 787, 789 (8th Cir. 1989)." *Miller v. LeSea Broadcasting, Inc.*, 896 F. Supp. 889, 894 (E.D. Wis. 1995).

I note that during the evidentiary hearing, Stephanie Lovely professed nearly complete ignorance about the financial performance of "her" business, Maids & More. Although James Lovely is experienced in managing and operating such a business, he claimed to have no specific knowledge about the ongoing business operations or financial performance of Maids & More.  There is little reliable evidence to support the $5,000 monthly revenue figure now offered by Stephanie Lovely or the assertion that James Lovely "is able [to] generate income of a minimum of $5,000.00 per month when he is able to engage in the maid services business."  Both Stephanie Lovely and James Lovely retain many options for employment other than owning, maintaining, engaging in, or having any interest in the types of services offered by Merry Maids, L.P.  The court is confident that the plaintiff, Merry Maids, L.P. has adequate assets to pay any costs and damages incurred by the defendants should it later be determined that they were wrongfully enjoined.

That said, the matter of the security required by Rule 65(c)[2] was not discussed or argued at the time of the hearing.  Having considered all parties' arguments, I find that the $80,000.00 figure suggested by the defendants is reasonable and will require Merry Maids

---

[2]Rule 65(c) provides, in part: "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

to give security in that amount.  The procurement by Merry Maids of an Irrevocable Letter of Credit, in favor of Merry Maids, L.P. and for the benefit of the defendants, in the amount of $80,000.00 will satisfy this requirement.

**IT IS ORDERED** that defendants' MOTIONS TO ALTER OR AMEND JUDGMENT (Filings 66 & 68), construed as motions for reconsideration, are granted in part, and denied in part, as follows:

1.  The motions are granted as to the amount of the security required by Fed. R. Civ. P. 65(c).  On or before August 15, 2006, the plaintiff shall give security pursuant to Fed. R. Civ. P. 65(c) in the total sum of $80,000.00.  The procurement by Merry Maids of an Irrevocable Letter of Credit, in favor of Merry Maids, L.P. and for the benefit of the defendants, in the total amount of $80,000.00 will satisfy this requirement.

2.  The motions are denied in all other respects.

**DATED July 20, 2006.**

                              **BY THE COURT:**

                              **s/ F.A. Gossett**
                              **United States Magistrate Judge**