IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MERRY MAIDS, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) 8:06CV36 |
| vs. | ) |
| | ) MEMORANDUM |
| WWJD ENTERPRISES, INC., d/b/a | ) AND ORDER |
| Merry Maids Franchise #126; MAIDS | ) |
| AND MORE INC.; JAMES M. LOVELY; | ) |
| and STEPHANIE LOVELY, | ) |
| | ) |
| Defendants. | ) |

This matter is before the undersigned magistrate judge by consent of the parties on the MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT [70] filed by defendants WWJD Enterprises, Inc. and James M. Lovely (together, "defendants") and plaintiff's responsive MOTION FOR PARTIAL SUMMARY JUDGMENT [77]. The motions have been fully briefed.

In this action, plaintiff ("Merry Maids") seeks to enforce the post-termination non-competition provision of a franchise agreement. On June 20, 2006, the court entered an order granting Merry Maids' MOTION FOR PRELIMINARY INJUNCTION [6], restraining the defendants from violating the provisions of the non-compete agreement and forbidding the defendants to "own, maintain, engage in, or have any interest in any type of services offered by the plaintiff." The preliminary injunction expires on June 21, 2007 without further order of the court unless it is terminated earlier.

In addition to the request for preliminary injunction, Merry Maids requests a permanent injunction and asserts the following claims:

| | |
|---|---|
| Count I | Trademark Infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a) |
| Count II | Unfair Competition in violation of 15 U.S.C. § 1125(a) |
| Count III | Unfair Competition under Nebraska law |
| Count V | Civil Conspiracy under Nebraska law |
| Count VI | Misappropriation of Goodwill |
| Count VII | Breach of Post-Expiration Covenant Not to Compete; Injunctive Relief |
| Count VIII | Breach of Post-Expiration Covenant Not to Compete; Monetary Damages |
| Count IX | Breach of Post-Expiration Obligations |

## I. JURISDICTION AND VENUE

This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper in this district under 28 U.S.C. § 1391.

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Kincaid v. City of Omaha*, 378 F.3d 799, 803-04 (8th Cir. 2004). "In making this determination, the function of the court is not to weigh evidence and make credibility determinations, or to attempt to determine the truth of the matter, but is, rather, solely, to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The court must "look to the substantive law to determine whether an element is essential to a case, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting Anderson, 477 U.S. at 248). Once the moving party has met its burden, the non-moving

party may not rest on the allegations of the pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Kincaid v. City of Omaha*, 378 F.3d at 804.

When faced with cross-motions for summary judgment, the court must "consider each motion separately, drawing inferences against each movant in turn," but may "assume that there is no evidence which needs to be considered other than that which has been filed by the parties." *Wright v. Keokuk County Health Ctr.*, 399 F. Supp. 2d 938, 946 (S.D. Iowa 2005) (internal citations omitted).

### III. DISCUSSION

Defendants contend they are entitled to partial summary judgment on Counts I, II, III, V, VI, VII, VIII and IX of the complaint because neither James Lovely nor WWJD have had any involvement in any competing business since December 30, 2005, and can only be held liable for breach of the covenant not to compete during the period from December 15 through December 30, 2005. Defendants' evidence consists of (a) the Complaint [1], and (b) the Affidavit of James M. Lovely [32], which was offered in opposition to Merry Maids' motion for preliminary injunction.

Merry Maids contends it is entitled to partial summary judgment on these claims, based on the moving defendants' admissions of wrongdoing, and that the matter should be set for trial on the issue of damages. Merry Maids' arguments are based substantially on the findings of fact set out in the June 20, 2006 order granting the motion for preliminary injunction.

Defendants, in turn, deny they admitted any wrongdoing or liability in their brief on summary judgment. They further argue that Merry Maids failed to offer any evidence

(other than the findings of fact set out in the June 20, 2006 order) in support of the elements of its various claims, precluding the entry of partial summary judgment in favor of Merry Maids.

In considering the parties' cross-motions for summary judgment it would be unjust–if not impossible–for the court to disregard matters related to the entry of the preliminary injunction. I must note, however, that the June 20, 2006 order clearly provides that the court's findings of fact were made "for purposes of the Motion for Preliminary Injunction only." If that were not the case, Merry Maids' arguments for summary judgment would be quite compelling.

Taking judicial notice of the evidentiary record made in conjunction with the motion for preliminary injunction, I find that issues of material fact remain on all claims, and that none of the moving parties are entitled to a judgment as a matter of law.

## IV.  ORDER

**IT IS ORDERED:**

1. The MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT [70] filed by defendants WWJD Enterprises, Inc. and James M. Lovely is denied.

2. Plaintiff's MOTION FOR PARTIAL SUMMARY JUDGMENT [77] is denied.

**DATED October 31, 2006.**

> BY THE COURT:
>
> s/ F.A. Gossett
> **United States Magistrate Judge**